UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL JOSEPH WEIR (#129806)     CIVIL ACTION

VERSUS

DEPARTMENT OF CORRECTIONS, ET AL.     NO. 10-0191-FJP-CN

O R D E R

This matter comes before the Court on correspondence received from the plaintiff, rec.doc.no. 30, which the Court interprets to be a request for injunctive relief. The plaintiff complains in this motion that, at his present place of confinement, he has been charged with a false disciplinary violation had has been placed in restrictive confinement in retaliation for claims asserted in this proceeding. He prays for this Court to intervene and to request that he be transferred to another facility.

The plaintiff is not entitled to the relief requested. The law is well-settled that inmates have no justifiable expectation that they will be incarcerated at any particular prison within a state. Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Further, the decision to transfer state prisoners to other institutions within the state, which decision is entirely within the discretion of prison officials, does not amount to a constitutional deprivation, even if conditions at the transferee institution are substantially less favorable. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Moreover, this Court does not have jurisdiction in the nature of mandamus to compel state officers or employees to perform duties owed to the plaintiff, as for example compelling the warden of the B.B. Rayburn Correctional Center, which is also noted to be located outside

of the Middle District of Louisiana, to take action to transfer the plaintiff. <u>Rothstein v. Montana State Supreme Court</u>, 637 F.Supp. 177 (D. Mont. 1986); 28 U.S.C. § 1361. Finally, the plaintiff makes no showing that he will suffer irreparable injury if the requested relief is not granted. Specifically, there are insufficient allegations to suggest that the plaintiff faces a real danger of actual and immediate harm if his motion is denied. It appears, therefore, that the plaintiff's claims are susceptible of being adequately addressed in an ordinary proceeding, and his request for injunctive relief shall be denied. Specifically, the plaintiff has failed to establish any of the four elements warranting such relief: (1) irreparable injury, (2) an absence of harm to the defendants if injunctive relief is granted, (3) an interest consistent with the public good, and (4) a substantial likelihood of success on the merits. <u>Canal Authority v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974). Accordingly,

**IT IS ORDERED** that the plaintiff's request for injunctive relief, rec.doc.no. 30, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this __18__ day of January, 2011.

                                                       FRANK J. POLOZOLA
                                                     **UNITED STATES DISTRICT JUDGE**